## CAROLINE WADE *v.* CHARLES CHAFFEE.

A constable or police officer is not bound to procure a warrant, before arresting a person whom he has probable cause to believe guilty of a felony, even though there may be no reason to fear the escape of such person in consequence of the delay in procuring the warrant.

A plea justifying an arrest on suspicion of felony without a warrant, should set forth the grounds of the suspicion, so that the court may judge of them, and determine whether they afford probable cause or not.

THIS was an action of trespass, for assault and battery and false imprisonment, alleged to have been committed at Providence on the 23d of August, 1864.

Plea, in substance, that at the time when, &c., "a complaint had been made to the then acting City Marshal of the city of Providence, that there had been feloniously stolen, taken and carried away from a certain room, to which no one but the occupant (the plaintiff) had access, a large sum of money, to wit, the sum of thirty-three dollars; whereupon the said City Marshall directed the defendant, who was then and there a police officer, of said city of Providence, to look up this affair, and to apprehend the person suspected of said crime. Wherefore the said defendant, having good and probable cause of suspicion, and vehemently suspecting the said plaintiff to have been guilty of, or concerned in, the stealing and carrying away of said money, and to have feloniously taken and carried away the same, did, at said time and place, gently lay hands on the said plaintiff, and did then and there, being a police officer in said city as aforesaid, take the said plaintiff into his custody, and safely keep her, while complaint could be made against her before some one of the justices assigned to keep the peace in said city of Providence, or before some other lawful authority, to be examined by or before such justice or other lawful authority, concerning the premises, and to be further dealt with according to law. And by means of the said several premises aforesaid, the said plaintiff was imprisoned and detained for the

space of          hours, the same being a reasonable time for that purpose, and being lawful and just for the cause aforesaid." Concluding with a verification.

To this plea the plaintiff demurred generally, and the defendant joined in demurrer.

*Metcalf, in support of the demurrer*, contended that the plea was insufficient, first, in not showing any necessity for arresting the plaintiff without first procuring a warrant; and, second, in not setting forth the grounds of the arrest, so that the court might judge whether there was probable cause for it.

*Colwell, in reply*, cited 1 Hilliard on Torts, 219 and notes; *Rohan* v. *Sawin*, 5 Cush. R. 281; *Davis* v. *Russell*, 5 Bing. R. 354; *Samuel* v. *Payne et al.* 1 Dougl. R. 359.

DURFEE, J., delivered the opinion of the court.

1. We do not think the defendant's plea in justification is bad for the first reason urged in support of the demurrer; for, in our opinion, a constable or police officer is not bound to procure a warrant before arresting a person whom he has probable cause to believe guilty of a felony, even though there may be no reason to fear the escape of such person in consequence of the delay in procuring the warrant. *Davis* v. *Russell*, 5 Bing. R. 354.

2. The rules of pleading require that a plea justifying an arrest on suspicion of felony, without a warrant, should set forth the grounds of the suspicion, so that the court may judge of them and determine whether they afford probable cause or not. *Mure* v. *Kaye*, 4 Taunt. R. 34; *Boynton* v. *Tidwell*, 19 Texas R. 118. The plea in this case states, in effect, that the defendant was, at the time of the plaintiff's arrest, a police officer of the city of Providence; that he made the arrest under orders from the acting City Marshal, to whom complaint had been made, "that there had been feloniously stolen, taken and carried away from a certain room to which no one but the occupant and the plaintiff had access, a large sum of money, to wit, the sum of thirty-three dollars," and that the defendant had "good and probable cause of suspicion, and vehemently suspected the said plaintiff to have been guilty of, or concerned in, the stealing and carrying

away of the said money." The plea does not state who was the complainant or what were his means or opportunities of information, or to whom the stolen money belonged, or why the plaintiff should have been suspected rather than the occupant of the room where the theft was committed, or in fact any of the more particular circumstances, if any such there were, tending to fasten suspicion upon the plaintiff. A plea which is so general and indefinite in its averments does not, we think, meet the requirements of the rule. The plaintiff's demurrer must, therefore, be sustained.